IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                             No. 09-40074-01-SAC

CARL L. LESTER,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to dismiss (Dk. 14) count two of the indictment that charges him with possessing firearms in furtherance of a drug trafficking crime (count one-- possession of methamphetamine with intent to distribute) in violation of 18 U.S.C. § 924(c)(1)(A). The defendant contends the government's evidence is legally insufficient for a conviction under the possession-in-furtherance prong of § 924(c). The defendant asserts his motion is proper under Fed. R. Crim. P. 12(b)(2) as it raises only a question of law and can be determined without a trial. For the purpose of his motion, the defendant asks the court to assume the truth of certain factual allegations taken from law enforcement reports produced in discovery. The government objects to the court considering at this time any evidence outside the four corners

of the indictment. Alternatively, the government refutes the defendant's conclusions drawn from the factual allegations and highlights some additional evidence on the trafficking activities at the defendant's home and the location of loaded weapons inside the defendant's home.

Courts regard an indictment "'sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.'" *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). A challenge to the sufficiency of the indictment generally does not open the door to questioning the strength of the government's case or its evidence, for the indictment "'should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true.'" *Id*. (quoting *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)). Thus, "[o]n a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *Id*. (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962); *Hall*, 20 F.3d

2

at 1087).

The Tenth Circuit has carved out a limited exception to this general rule:

> In "limited circumstances," however, this Court has held that a district court may "dismiss charges at the pretrial stage ... where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." *Hall*, 20 F.3d at 1088. Pretrial dismissal based on undisputed facts is a determination that " as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." *Id*. Dismissal in this manner is the "rare exception," not the rule. *Id*. Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted.

*United States v. Todd*, 446 F.3d at 1068. Simply put, this case fits this "rare exception" if the operative facts are not in dispute, if the government does not object to the court's inquiry into the evidence, and if the defendant seeks dismissal not because the evidence is lacking but because the undisputed evidence shows he did not commit the offense. The defendant is unable to squeeze his motion into this tight fit.

After investigative work found evidence supporting a citizen's report of probable drug trafficking activity at the defendant's residence, law enforcement officers secured and executed a search warrant. When

officers arrived, the defendant was in the back yard playing with his girlfriend's daughter. In the kitchen, officers found 177.8 grams of marijuana in the refrigerator, two sets of scales with marijuana residue on one set, a bag containing approximately 6 grams of methamphetamine, and two empty sandwich bag boxes. On top of the refrigerator, officers found $109 in cash and 14 rounds of .22 long rifle ammunition. Officers also found marijuana residue in the basement bathroom and on a cardboard lid in the basement. The search turned up 13 firearms in the house with one gun reported stolen in a 2006 burglary and another with its serial number possibly removed. Five handguns, some shotgun shells, and $591 in cash were found in the northeast bedroom. Other guns were found in the basement rafters and in a cedar chest, and more ammunition also was stored in the utility room and the garage. Several firearms were loaded, including a 9mm handgun found in the defendant's bedroom. Text messages retrieved from the defendant's cell phone show apparent transactions involving the defendant's sale of drugs and the defendant's purchase of guns from the same person. The defendant apparently admitted to officers that he was a felon and that he purchased a .38 snub nose revolver from the person in the text messages. This gun was found in

the bedroom.

To obtain a conviction on count two charging a violation of 18 U.S.C. § 924(c)(1)(A), the government must prove the defendant possessed the firearms in furtherance of the underlying drug trafficking crime (possession of methamphetamine with intent to distribute). "A drug dealer's mere possession of a firearm does not establish the in furtherance element of a § 924(c)(1)(A) offense." *United States v. Garza*, 566 F.3d 1194, 1202 (10th Cir. 2009) (internal quotation marks and citation omitted). The government must "show that the weapon furthered, promoted or advanced a drug trafficking crime." *United States v. Rogers*, 556 F.3d 1130, 1140 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 129 S. Ct. 2783 (2009). "Accordingly, the Government must establish some nexus between the firearms and the underlying drug trafficking crime." *Id.* The nexus can be met with "evidence that the defendant intentionally kept a firearm available for use if needed during a drug transaction." *United States v. McCullough*, 457 F.3d 1150, 1170 (10th Cir. 2006), *cert. denied*, 549 U.S. 1136 (2007). A defendant's "intent to possess the weapon to further the drug trafficking crime is generally proven through circumstantial evidence." *United States v. Rogers*, 556 F.3d at

1140.  Factors relevant to this circumstantial evidence inquiry include:  "(1) the type of drug activity conducted, (2) the accessibility of the firearm, (3) the type of firearm, (4) the legal status fo the firearm, (5) whether the firearm was loaded, (6) the proximity of the firearm to drugs or drug profits, and (7) the time and circumstances under which the firearm was found."  *United States v. Garza*, 566 F.3d at 1202 (internal quotation marks and citation omitted).

Count two of the indictment sufficiently sets forth the elements of the § 924(c)(1)(A) violation and fairly puts the defendant on notice of what listed firearms were allegedly possessed in furtherance of the drug trafficking crime of possession with intent to distribute methamphetamine on April 16, 2009.  Based largely on the amount and value of drugs seized, the defendant argues the government's case shows him only to be a low-level drug distributor from his home where he happened to possess also 13 firearms.  The government disputes this characterization of the defendant's operation being "small time" and counters with evidence of how the law enforcement's brief and intermittent surveillance confirmed a number of visitors who stayed inside the residence only a short time or who remained in their cars and made exchanges with the defendant in the driveway.  The

government emphasizes that the defendant's drug trafficking was focused at the defendant's residence where both drugs and drug profits were kept. Based on this evidence and the inferences to be drawn from them, the government properly objects to the resolution of this matter on the undisputed facts gleaned by the defendant. The government's well-grounded objection precludes this court from proceeding with the defendant's motion.

Additionally, the court finds the defendant's motion more closely resembles an attack on the government's evidence as lacking rather than a challenge that the undisputed evidence shows the defendant did not commit the offense. What the defendant tenders as the undisputed evidence does not establish as a matter of law that he could not have possessed these guns in furtherance of the drug trafficking activity conducted in his home. From the facts presented, the court cannot say that the government will not be able to prove that one or more loaded firearms were in the vicinity of the drug trafficking activity and readily accessible while drug transactions were conducted in the residence. For example, in the kitchen along with the drugs and scales, there was an ammunition on top of the refrigerator that matched one of the loaded

7

handguns. The physical proximity of ammunition matching one of the loaded handguns is some circumstantial evidence of an intent to keep a loaded firearm in the same room where drug trafficking likely occurred. There is also physical proximity of a loaded handgun in the same room as ostensible drug profits. Of the seven factors relevant to establishing a nexus between firearms and drug trafficking activity, the government has some evidence bearing on at least five factors. The defendant's motion does not qualify as one of those rare exceptions where the undisputed evidence shows as a matter of law that the government will be unable to prove its case beyond a reasonable doubt.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss (Dk. 14) count two of the indictment is denied.

Dated this 4th day of November, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge