IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.            No. 09-40074-01-SAC

CARL L. LESTER,

    Defendant.

MEMORANDUM AND ORDER

    The case comes before the court for sentencing following the defendant's plea of guilty to possession of a stolen firearm in violation of 18 U.S.C. § 922(j). The presentence report calculates a criminal history category of five and a total offense level of 30 from a base offense level of 24 (U.S.S.G. § 2K2.1(a)(2) two prior felony convictions for crimes of violence), a two-level enhancement (§ 2K2.1(b)(1)(B) involving between 8 to 24 firearms), a one-level enhancement (§ 2K2.1(b)(4) stolen weapon), a four-level enhancement (§ 2K2.1(b)(6) using or possessing any firearm or ammunition in connection with another felony offense), and a three-level reduction (§ 3E1.1(a) acceptance of responsibility). The sentencing table yields a sentencing range of 151 to 188 months, but the advisory guideline sentencing range is 120 months or the statutory maximum. U.S.S.G. §

5G1.1(a).

The PSR addendum reflects that the defendant's sole objection is to the four-level specific offense characteristic for possessing a gun in connection with another felony offense, distribution of a controlled substance. The defendant submits a sentencing memorandum in support of his objection. (Dk. 35). The defendant does not object to the accuracy or inclusion of the factual statements appearing in the PSR. His challenge is only with the sufficiency of those facts to sustain the enhancement. The defendant narrows his objection further to denying any nexus or connection between his possession of a firearm and the alleged drug distribution activities. The defendant advocates the court requiring proof "beyond mere presence of a gun in the general location of drug selling." (Dk. 35, p. 6). More specifically, the defendant asserts it's not enough that guns are found in the same house as evidence of drug trafficking activity. The defendant characterizes the evidence as showing, at most, the defendant to be a small-time drug dealer having no reasonable need of 13 guns for protection. Finally, the defendant disputes that the particular location of the guns within the house suggests their nexus to drug trafficking activity.

The government considers the enhancement appropriate based

on the defendant keeping firearms inside his residence from which he was seen distributing narcotics and in which officers found distribution quantities of methamphetamine and drug distribution paraphernalia.  The government identifies the defendant's need for firearms in protecting himself and others from the dangers related to his storage of drugs and proceeds in his home and to his trafficking in and from his home.           Section 2K2.1(b)(6) creates a specific offense characteristic for a four-level increase "if the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . ."  U.S.S.G. § 2K2.1(b)(6).  The intended meaning of "in connection with" is set out in Application Note 14 which states, in relevant part:

> (A) <u>In General</u>. Subsections (b)(6) and (c)(1) apply if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively.
>
> (B) <u>Application When Other Offense is Burglary or Drug Offense</u>. Subsections (b)(6) and (c)(1) apply . . .; and (ii) in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia.  In these cases, application of subsections (b)(6) and (c)(1) is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively.
>
> (C) <u>Definitions</u>. "Another felony offense," for purposes of subsection (b)(6), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a

3

criminal charge was brought, or a conviction obtained.

U.S.S.G. § 2K2.1, cmt. n. 14. In sum, the "in connection with" requirement is met with proof that the firearm or ammunition facilitated or had the potential to facilitate the offense. But when the other offense is a drug trafficking offense, it is enough to prove the firearm was found in close proximity to the drugs or drug paraphernalia. And this is so, "because the [mere] presence of the firearm has the potential of facilitating" the drug trafficking offense. *Id.*

Prior to the 2006 amendment, the Tenth Circuit already had defined "in connection with" as facilitating or having the potential to facilitate the offense because the requirement appeared "analogous to the 'in relation' requirement of 18 U.S.C. § 924(c)(1)." *United States v. Walters*, 269 F.3d 1207, 1219 (10th Cir. 2001). The Tenth Circuit also observed that the enhancement should not be applied "if 'possession of the weapon is coincidental or entirely unrelated to the offense,'" but that the application and interpretation of the enhancement would not be controlled by 924(c) case law. *United States v. Wilson*, 202 Fed. Appx. 332, 336, 2006 WL 3072766, at * 3 (10th Cir. 2006) (quoting *United States v. Brown*, 314 F.3d 1216, 1222 (10th Cir.), *cert. denied*, 537 U.S. 1223 (2003)), *cert.*

4

*denied*, 549 U.S. 1271 (2007). Application Note 14 lays out a rule that has been followed in this circuit. "[B]ecause handguns are widely recognized tools of the drug trade, 'a weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)[(6)].'" *United States v. Hodge*, 289 Fed. Appx. 307, 310, 2008 WL 3507464, at *2 (10th Cir. 2008) (quoting *United States v. Bunner*, 134 F.3d 1000, 1006 (10th Cir.), *cert. denied*, 525 U.S. 830 (1998)).

It is the government's burden to prove by a preponderance of the evidence those facts required to sustain a sentencing enhancement. *United States v. Tindall*, 519 F.3d 1057, 1063 (10th Cir. 2008). As the defendant has not specifically objected to any factual statements appearing in the PSR, the court may accept them as admitted and base its ruling on the same without additional evidence from the government. *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009).

The following undisputed facts appear in the PSR. On April 16, 2009, just before the execution of a narcotics search warrant on the defendant's residence, an officer observed the defendant conduct a hand-to-hand transaction with a visitor to the residence. In the search of the residence, officers found the following items in the kitchen: in the freezer--

5

173 grams of marijuana; on the counter--5.78 grams of methamphetamine, two boxes of sandwich baggies, a nut can with marijuana residue in it, and a plastic spoon with methamphetamine residue; on the stove--a digital scale with a trace amount of marijuana residue; on top of the refrigerator--a digital scale and14 rounds of .22 caliber ammunition.  In a utility room, they found six rounds of ammunition for a .38 Special.  In the east bedroom, officers found $591 in cash under a dresser drawer, and the following weapons:  two .22 caliber pistols, a .32 caliber pistol, a 9mm pistol, a .38 Special revolver, and a shotgun.  Four of the five handguns were stored in a male hygiene bag, and one of the .22 revolvers was loaded.  There was ammunition for the weapons also in the bedroom.  In the west room, there were 19 rounds of 9mm ammunition in the buffet.  In the basement, they found various drug paraphernalia and marijauana residue along with four shotguns, four rifles, and various ammunition.  Officers asked the defendant about these recently received text messages:  "two sacks will cost seventy two dollars be there in one minute,"  "You got one twenty for gun yet," and "Thirty eight stub nose two fifty."

    These undisputed facts provide more than sufficient evidence for finding that ammunition and firearms were found in close proximity to

6

drugs and drug trafficking paraphernalia.  In the same room as the marijuana, methamphetamine, baggies, and two scales, officers found 16 rounds of ammunition on top of the refrigerator, and this ammunition matched the caliber of the loaded pistol found in the defendant's bedroom.  Not only was ammunition found in the immediate vicinity of the drugs and drug trafficking paraphernalia, but this ammunition also links the loaded pistol to the same drug evidence.  The presence of numerous weapons and ammunition available and accessible throughout the house, including rooms adjacent to the kitchen and in the bedroom where a larger sum of cash was found, also supports a finding  that a nexus existed between the weapons and drug trafficking.  These weapons and ammunition have, at least, the potential to facilitate the defendant's drug trafficking in offering protection for himself, his family and his proceeds against the more obvious and known dangers created by his illegal activities and in emboldening him to continue his operation in the face of such risks.  While not all of the weapons found in the defendant's residence were what typical drug dealers would use, the pistols and ammunition found in the defendant's bedroom, and in particular, the loaded .22 pistol, are the kinds of weapons that are hardly coincidental, accidental or simply unrelated to drug trafficking

activity. The evidence does not persuade the court that the defendant is a small-time drug dealer who has just happens to collect firearms and randomly stores them and the ammunition all about the residence within the possible reach of his young daughter. The defendant's objection to this enhancement is overruled.

The defendant's sentencing memorandum raises several arguments for a downward variance. The court will address those matters and any additional arguments at the sentencing hearing.

IT IS THEREFORE ORDERED that the defendant's pending objection to the 4-level sentencing enhancement (§ 2K2.1(b)(6) using or possessing any firearm or ammunition in connection with another felony offense) as set forth in the PSR addendum and argued in the defendant's sentencing memorandum (Dk. 35) is overruled.

Dated this 15th day of March, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge