IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                       Crim Case No. 09-40074-01-SAC
                             Civil Case No.  11-4019-SAC

CARL L. LESTER,

        Defendant.

MEMORANDUM AND ORDER

    This case is before the court on the defendant's motion for relief

pursuant to 28 U.S.C. § 2255 (Dk. 54) supported by a memorandum of law

(Dk. 55). The government has filed its response opposing the motion. (Dk.

59). The defendant has filed a reply, (Dk.60), thus the case is ready for

decision.

**ISSUES**

    Defendant raises three claims of constitutional error, all of which relate

to his sentence: 1)prosecutorial misconduct, claiming the government

breached the plea agreement by failing to recommend a sentence at the low

end of the applicable guideline range; 2) ineffective assistance of counsel in

inducing him to enter into the plea agreement on the promise that the

government would recommend a sentence at the low end of the applicable

guideline range; and, 3)ineffective assistance of counsel in failing to file a

direct appeal challenging the government's breach of the plea agreement with respect to defendant's sentence.

**BACKGROUND**

Pursuant to a plea agreement, defendant pled guilty to Count 1 of a Superseding Information charging him with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). In the plea agreement, defendant agreed to waive his right to file a direct appeal or a collateral attack on his prosecution, conviction and sentence, except for claims relating to ineffective assistance of counsel or prosecutorial misconduct. Dk. 32, p. 17. The government agreed, among other matters, "[t]o recommend a sentence at the low end of the applicable guideline range." Dk 32, p.12.

Defendant's presentence report calculated defendant's applicable guideline sentencing range as 120 months, which was the statutory maximum.

> The presentence report calculates a criminal history category of five and a total offense level of 30 from a base offense level of 24 (U.S.S.G. § 2K2.1(a)(2) two prior felony convictions for crimes of violence), a two-level enhancement (§ 2K2.1(b)(1)(B) involving between 8 to 24 firearms), a one-level enhancement (§ 2K2.1(b)(4) stolen weapon), a four-level enhancement (§ 2K2.1(b)(6) using or possessing any firearm or ammunition in connection with another felony offense), and a three-level reduction (§ 3E1.1(a) acceptance of responsibility). The sentencing table yields a sentencing range of 151 to 188 months, but the advisory guideline sentencing range is 120 months or the statutory maximum. U.S.S.G. §5G1.1(a).

Dk. 36, p. 1-2. U.S.S.G. § 5G1.1(a) provides: "Where the statutorily authorized maximum sentence is less than the minimum of the applicable

guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."

At defendant's sentencing hearing, the Court stated its proposed sentencing findings and tentative sentence, before imposing them, stating:

> As to the proposed findings of fact and tentative sentence, the total offense level is 30, with a criminal history category of 5. As to custody, 120 months. As to supervised release, three years. There shall not be a fine. And there shall be 100 dollars special assessment pursuant to federal statute.
> …
> In determining the appropriate sentence, the Court has considered the statements of the parties, the plea agreement, PSR, the advisory guideline sentencing range properly calculated in the PSR, and the defendant's sentencing memorandum, including his arguments and evidence essential in the favor of the variance.

Dk. 50. The Court then addressed the factual basis for the crime, and the 3553(a) factors, before concluding:

> But considering the defendant's serious criminal past, his utter disregard for the law, and the need for protecting the public, a maximum sentence is necessary here. Based on these factors, the Court believes that a sentence of 120 months imprisonment is an appropriate disposition of this case.

*Id*, p. 7.

The Court then invited the parties to address the tentative sentence. Defendant's counsel asked the Court for a downward variance, citing defendant's diminished culpability due to his background, and the difficulty of being away from his daughter for ten years. Dk. 50, p. 12. Defendant also addressed the Court at length. The Court then asked for the government's position on the proposed 120-month sentence:

3

> THE COURT: All right, sir, thank you. I'll hear from the government, please.
> MR. SLINKARD: Your Honor, the government has nothing more to add. We'll leave it to the Court's discretion. We have no objection to the proposed sentence and leave it up to the Court.
> THE COURT: What's the guideline sentence?
> MR. SLINKARD: The guideline--
> MS. BARTON: It's 150, but there's a statutory maximum of 120
> THE COURT: Yeah, it's 120 maximum, but the guideline sentence is 154, something like that. It's close.
> MR. SLINKARD: I think it's 151 to 161, Your Honor. I'm looking.

Dk. 50, p. 22-23.

The Court thanked defendant for his comments, and addressed them before ruling as follows:

> The Court determines that the presentence investigation report and the previously stated findings are accurate and orders those findings to be incorporated in the following sentence: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby sentenced to a term of 120 months incarceration in Count 1 of the superseding information.

*Id*, p. 25.

Defendant took no direct appeal, but timely filed this motion for relief under 28 U.S.C. § 2255.

## GENERAL § 2255 STANDARDS

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28

4

U.S.C. § 2255.). "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). Defendant pleaded guilty to a violation of § 922(j), did not object to his sentence, and did not take a direct appeal. "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. *Id.*

The court is to hold an evidentiary hearing "unless the [§ 2255] motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995). The defendant has the burden to allege facts that would entitle him or her to relief upon proof. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n. 1 (10th Cir. 2001) (en banc). "[T]he allegations must be specific and particularized, not general or conclusory." *Id*. The court may forego an evidentiary hearing if the movant's factual allegations are "contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact." *United States v. Caraway*, 2010 WL 3721689 at *2 (D.Kan. Sept. 15, 2010) (citing *Arredondo v. United*

5

*States*, 178 F.3d 778, 782 (6th Cir. 1999); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments")).

## INEFFECTIVE ASSISTANCE OF COUNSEL STANDARDS

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI; *Kansas v. Ventris*, __ U.S. __,  129 S.Ct. 1841 (2009). The sentencing is a critical part of the criminal proceedings, and a defendant is guaranteed effective assistance of counsel at this stage. *See United States v. Washington*, 619 F.3d 1252, 1258 (10th Cir. 2010).

"An attorney's error provides cause to excuse a procedural default only if the error amounts to constitutionally ineffective assistance of counsel." *Rogers v. United States*, 91 F.3d 1388, 1391 (10th Cir. 1996), *cert. denied*, 519 U.S. 1134 (1997). To prevail on a claim of ineffective assistance of counsel, the defendant must prove two prongs: first, "that his 'counsel's representation fell below an objective standard of reasonableness,' *Strickland v. Washington*, 466 U.S. 668, 688 (1984)," and second, " 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id.* at 694." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006). "[T]here is no reason for a court deciding an ineffective assistance claim … to address both

6

components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

When considering objective reasonableness, a court may not find a constitutional deficiency unless defense counsel's performance is "completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999), *cert. denied*, 528 U.S. 1167 (2000). Proof must show the counsel's conduct was not "within the wide range of competence demanded of attorneys in criminal cases." *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997) (quotation and citations omitted). A court is highly deferential in its review of the attorney's performance. *Strickland*, 466 U.S. at 689. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689; *see Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 281 (1986).

Defendant's burden to show prejudice regarding his sentence is to show that but for counsel's constitutionally ineffective performance there was a reasonable probability that the outcome of his sentence would have

been different. *See Strickland*, 466 U.S. at 694; *Boyd*, 179 F.3d at 914. "A

reasonable probability is a probability sufficient to undermine confidence in

the outcome." *Strickland*, 466 U.S. at 694.

> The reasonable probability standard "asks whether it is 'reasonably likely' the result would have been different." *Harrington*, 131 S.Ct. at 792 (quoting *Strickland*, 466 U.S. at 696, 104 S.Ct. 2052). Only where "[t]he likelihood of a different result [is] substantial, not just conceivable," can we say confidence in the outcome is undermined. Id.

*United States v. Rushin*, 642 F.3d 1299, 1310 (10th Cir. 2011). Thus if a

sentencing counsel fails to object or argue a matter with the result of a

longer sentence, this suffices to establish prejudice. *Glover v. United States*,

531 U.S. 198, 203–04 (2001). But counsel's error during the sentencing

phase does not result in prejudice where defendant's sentencing range

would have remained the same regardless. *United States v. Garrod*, 2010

WL 1434290, 4 (D.Kan. 2010).

**DEFENDANT'S ARGUMENTS**

**A. Breach of Plea Agreement**

The Court first examines whether defendant has shown that the

government breached the plea agreement by failing to recommend a

sentence at the low end of the applicable guideline range. The Court

evaluates the record as a whole to ascertain whether the government

complied with its promises in a plea agreement. *United States v. VanDam*,

493 F.3d 1194 (10th Cir. 2007), *cert. denied*, 552 U.S. 1127 (2008).

"Although promises made by prosecuting attorneys must be fulfilled to

maintain the integrity of the plea, only breaches of material promises will allow a court to conclude that a plea was involuntarily induced and thus constitutionally infirm." *Rodriguez v. State of New Mexico*, 12 F.3d 175, 175-76 (10th Cir. 1993) (internal quotation marks and citations omitted). "As in contract, the terms of a plea agreement and their relative materiality are evaluated by an objective standard." *Id.*

By agreeing to recommend a sentence at the low end of the applicable guideline range, the government was required to recommend a sentence at the bottom of the range that the district court ultimately found applicable. Here, the relevant statute provided that the maximum term of imprisonment for the offense to which defendant pleaded was 10 years. 18 U.S.C. § 924(a)(2). Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 30 and a criminal history category of V, the guideline range for imprisonment is 151 to 188 months. However, because the statutory maximum sentence in this matter is 10 years (120 months), the guideline range was necessarily reduced to 120 months. *See* U.S.S.G. § 5G1.1(a). *See* U.S.S.G. § 5G1.1(a)–(b) (stating that when the statutory maximum is less than the low end of the applicable guidelines range, the statutory maximum prevails).

At defendant's sentencing hearing, the government did not state that it "recommended a sentence at the low end of the applicable guideline range," but stated only that it had "no objection to the proposed sentence

and [would] leave it up to the Court." Had the government voiced a recommendation for "a sentence at the low end of the applicable guideline range," or "151 months," the Court would have rejected the recommendation as unauthorized by law, and defendant would have likely have objected and sought instead the 120 months maximum established by statute. Accordingly, such a recommendation by the government would have been a futile gesture. By tacitly adopting the Court's proposed sentence of 120 months and not advocating for the 151 month low-end of the guideline range which would have been applicable absent the statutory maximum, the government did nothing to undermine its promise to defendant. No breach of the plea agreement has been shown.

But even assuming, *arguendo*, that a breach of the literal terms of the plea agreement did occur, the breach is immaterial and does not demonstrate that the plea was involuntary or approach a constitutional violation. No relief is warranted for any such breach. *See United States v. Easterling*, 921 F.2d 1073, 1080 (10th Cir. 1990), *cert. denied*, 500 U.S. 937 (1991).

**B. Erroneous advice regarding plea**

Defendant's next contention, broadly read, is that his counsel misadvised him by recommending that he enter into the plea agreement "on the promise that the government would recommend a sentence at the low end of the applicable guideline range." Dk. 55, p. 9. Defendant alleges that

10

had he known that "there was absolutely no difference in the sentence exposure between pleading guilty and being found guilty by a jury, he would have taken his chances at trial." Dk. 60, p. 3. Thus, defendant's basic legal argument is that his counsel was ineffective in failing to tell him that the consideration for which he bargained (the government's agreement to recommend a low end guidelines sentence) was illusory.

Defendant erroneously assumes that if he had not entered into the plea agreement, he would have gone to trial only on the stolen gun charge, which carried the 120 month statutory maximum. But the stolen gun charge to which defendant ultimately pleaded was charged in a superceding information which was filed in contemplation of defendant's plea agreement. Had defendant not entered into the plea agreement, he would have faced at trial the counts originally charged in the indictment: 21 U.S.C. § 841(a)(1), with reference to (b)(1)(c) (possession with intent to distribute 5.78 grams of a mixture containing a detectable amount of methamphetamine, a Schedule II controlled substance); 18 U.S.C.§ 924(c)(1)(A) & 2 (possession of a firearm during and in relation to a drug trafficking crime); 18 U.S.C. § 922(g), with reference to 924(a)(2) (felon in possession of a firearm); and 18 U.S.C. § 922(g), with reference to 924(a)(2) (possession of a firearm by user of controlled substances).

If convicted of the above charges, defendant's guidelines range would have been determined pursuant to the "career offender" provisions, USSG

§4B1.1, making his criminal history category a VI instead of a V. *Id.* Defendant would have been subject to a five year mandatory minimum on his 841(a)(1) conviction, and a *consecutive* five year mandatory minimum sentence for his § 924(c) conviction. Additionally, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) is punishable by a maximum of 10 years' imprisonment under 18 U.S.C. § 924(a)(2), as is possession of a firearm by a user of controlled substances. Although the Court lacks other facts which would enable it to calculate precisely what defendant's applicable guideline range would have been, it is apparent that the impact of the plea agreement was substantially favorable to defendant. Had defendant gone to trial, he would have faced four counts and risked a sentence significantly longer than the 120 months defendant received.

Defendant has failed to demonstrate that his attorney's advice to enter into the plea agreement was unreasonable for any reason, and has failed to demonstrate any prejudice from his having entered into the plea agreement. As a result, this claim of ineffective assistance of counsel shall be denied.

### C. Failure to file direct appeal

Lastly, defendant contends that his attorney was ineffective because he failed to file a direct appeal, despite defendant's express direction that he do so. Dk. 55, affidavit. Defendant states he wished solely to "challenge the government's breach of plea agreement with respect to his sentence." Dk. 55, p. 13. The record reflects that on March 22, 2010, judgment was entered

in defendant's criminal case. No notice of appeal was filed until defendant filed a pro se notice of appeal on July 6, 2010, which the government moved to dismiss as untimely. *See* Fed. R. App. P. 4(b)(1)(A). The Tenth Circuit dismissed the appeal as untimely, granted the motion to withdraw by Defendant's counsel, and denied defendant's request for appointment of substitute counsel. Dk. 53.

The government contends that no ineffectiveness of counsel has been shown because there was no breach of the plea agreement, and defendant received a sentence at the low end of the applicable guideline range by operation of the statutory maximum; thus defendant suffered no prejudice and any appeal would be futile. Despite the compelling logic of the government's position, precedent directs the Court not to base its decision on the merits of a hypothetical appeal or the lack of apparent prejudice to the defendant. *See e.g., Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000) (finding a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable; presumptive prejudice arises which cannot be rebutted by a showing of futility or lack of merit to the issues on appeal); *United States v. Snitz*, 342 F.3d 1154, 1155-59 (10th Cir. 2003) (holding a defendant is entitled to an appeal if he told his counsel that he wanted to appeal, even if counsel believed the appeal lacked merit); *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005) (holding that the presumption of prejudice applies

even where the defendant waived his right to appeal in a plea agreement "regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit."); *United States v. Harrison*, 375 Fed.Appx. 830 (10th Cir. 2010) (characterizing an attorney's refusal of defendant's explicit request to file an appeal as "a per se *Strickland* violation.").

The Tenth Circuit has not been hesitant to remand for an evidentiary hearing in § 2255 cases. *See, e.g., United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005). "But this does not imply that a habeas petitioner is automatically entitled to an evidentiary hearing merely because he makes a bald allegation that his attorney refused to file an appeal." *United States v. Harrison*, 375 Fed.Appx. 830, 833, 2010 WL 1225617, 3 (10th Cir. 2010). To warrant an evidentiary hearing, the defendant must present detailed and specific facts to back up his allegation, instead of "vague, conclusory, or palpably incredible" allegations. *Harrison*, 375 Fed. Appx. at 833 (without "detailed and specific facts to back up his allegation…his claims are vague, conclusory, and palpably incredible and he cannot made a substantial showing of the denial of a constitutional right.)

Here, defendant's habeas petition (Dk. 54) stated, as ground two, "ineffective assistance of counsel/failing to file a notice of appeal after being informed by petitioner to do so." The form required defendant to "state the specific  facts that support [his] claim." Dk. 54, p. 5-6. Instead of doing so,

14

defendant responded by stating only: "See Attachment (sic)." *Id,* p. 5. No attachment accompanies defendant's § 2255 form. The Court presumes the allusion is to defendant's memorandum in support of his § 2255 motion (Dk. 55), which was filed the same day. That memorandum includes defendant's affidavit, which states in relevant part:

> 8. My Attorney was ineffective for failing to file a notice of appeal, after being informed by me to do so, constitutes a clear and obvious act of ineffective assistance of counsel.

Dk. 55, Exh. A, p. 2.

Each factual reference to this claim in defendant's brief consistently uses the same or very similar conclusory language. *See* Dk. 55, p. 3 ("Counsel is rendered ineffective for failing to file a notice of appeal after being informed by petitioner to do so..." ); *Id.* p. 12 ("...counsel intentionally failed to file a notice of appeal in the district court."); *Id.* p. 13 ("In the case at bar, the petitioner informed his attorney to file a notice of appeal to challenge the government's breach of plea agreement with respect to his sentence. Counsel simply disregarded the petitioner's wishes and did not file any appeal."); *Id*, p. 14 (" ... the petitioner has duly informed his attorney to file a notice of appeal, and counsel's (sic) has failed to do so..."). No other facts regarding this claim are included in the 2255 motion itself, in defendant's memorandum, in his reply brief, or elsewhere of record.

The Court finds no reference to time, place, or manner of any conference between defendant and his counsel, to the content of their

discussions, to the means by which defendant "informed" counsel of his wishes to appeal, or to any other detail which would lend the requisite specificity or credibility to this allegation. Defendant has failed to state the specific facts that support this claim, and instead has provided only vague and conclusory statements which echo the findings in the cases from which he cites. Under these circumstances, the defendant's assertions neither require an evidentiary hearing, *see United States v. Shaw,* 292 Fed.Appx. 728, 731, 2008 WL 3893824 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 1686 (2009); *Harrison*, 375 Fed.Appx. at 833-834, nor provide grounds to vacate his sentence. Plaintiff has not met his burden to allege specific facts that would entitle him to relief upon proof, let alone entitle him to an evidentiary hearing.

The court believes that the § 2255 motion, files and records in this case conclusively show that defendant is not entitled to relief. Defendant provides no basis to find that an evidentiary hearing would significantly assist the court in resolving the issues raised in defendant's motion. Therefore, the request for an evidentiary hearing shall be denied.

**CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a

16

constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, a petitioner makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See United States v. Bedford*, 628 F.3d 1232 (10th Cir. 2010). "When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in it procedural ruling." *Slack*, 529 U.S. at 484. Neither of these standards is met here. For the reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

IT IS THEREFORE ORDERED that defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 54) is denied.

Dated this 10th day of August, 2011.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge