IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Respondent/Plaintiff,

Vs.                          Civil Case No. 12-4147-SAC
                               Crim Case No. 09-40074-01-SAC

CARL L. LESTER,

        Movant/Defendant.

MEMORANDUM AND ORDER

The defendant Carl Lester has filed his second motion for relief under 28 U.S.C. § 2255. (Dk. 66). His first § 2255 motion was filed in February of 2011, and it was denied in August of 2011. He did not file a notice of appeal from that denial until October 24, 2012, and the Tenth Circuit dismissed his appeal on October 30, 2012, for being untimely. Nine days later, Mr. Lester filed his second § 2255 motion in the district court.

Second or successive § 2255 motions may "proceed only in specified circumstances and only with a circuit court's prior authorization." *In re Lindsey*, 582 F.3d 1173, 1174 (10th Cir.2009). Before filing a successive § 2255 motion in district court, the defendant must obtain from the Tenth Circuit "an order authorizing the district court to consider" this latest application for relief. 28 U.S.C. § 2244(b)(3)(A). The court record does not show that Mr.

1

Lester has applied for or received the required authorization before filing his second § 2255 motion.

In this situation, Tenth Circuit precedent instructs that a district court has discretion under 28 U.S.C. § 1631 either to transfer the motion to the court of appeals if the interest of justice is served in doing that or to dismiss the motion for lack of jurisdiction. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). When the successive § 2255 motion "fails on its face to satisfy the authorization standards of § 2255(h)" and when "there is no risk that a meritorious successive § 2255 claim will be lost absent a § 1631 transfer," the court may dismiss the motion upon finding the interest of justice is not served by a transfer. *Id*. at 1252. Similarly, should the district court conclude the successive § 2255 motion has not been filed in good faith, then it would be a proper exercise of discretion to choose dismissal over transfer. Id.

The court concludes that the transfer of the Mr. Lester's second motion for habeas corpus relief would not serve the interest of justice. His motion refers to four grounds for relief: ineffective assistance of counsel, counsel's failure to explain consequences of pleading guilty, counsel's failure to file a direct notice of appeal, and court's failure to grant a sentencing departure based on rehabilitation and other relevant factors under 18 U.S.C. § 3553(a). (Dk. 66, pp. 4-8). There is nothing to suggest that his recent motion "relies on a new rule of constitutional law" made retroactive to § 2255 cases or is based

on a "factual predicate . . . [that] could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2). None of the defendant's pending arguments fall into either category required for a successive petition. Instead, his second motion essentially repeats the arguments from his first unsuccessful § 2255 application.

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order. Such a certificate "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). As the above ruling shows, no reasonable jurist would debate that the defendant's arguments should have been resolved differently or that the issues are worthy of more consideration. The court will not issue a certificate of appealability for this order.

IT IS THEREFORE ORDERED that the defendant's motion to vacate, set aside or correct a sentence pursuant to relief available under 28 U.S.C. § 2255 (Dk. 66) is an unauthorized second or successive § 2255 motion and is dismissed for lack of jurisdiction because a § 1631 transfer is not in the

3

interest of justice;

        IT IS FURTHER ORDERED that a certificate of appealability on this ruling is denied.

        Dated this 28th day of November, 2012, Topeka, Kansas.

        <u>s/ Sam A. Crow</u>
        Sam A. Crow, U.S. District Senior Judge