IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                              No. 09-40074-01-SAC

CARL L. LESTER,

        Defendant.

MEMORANDUM AND ORDER

The defendant Carl Lester has filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dk. 68). Mr. Lester refers to Amendment 782 to the United States Sentencing Guidelines which reduces by two levels the base offense levels of crimes involving many of the controlled substances listed in the Guidelines' Drug Quantity Table. As explained below, Mr. Lester's motion fails to establish the court's authority to reduce his sentence under § 3582(c)(2).

Pursuant to a plea agreement, Mr. Lester pled guilty to count one of the superseding information that charged him with possession of a stolen firearm in violation of 18 U.S.C. § 922(j). In a prior order, this court summarized from the presentence report the particular sentencing calculations that resulted in the defendant receiving the statutory maximum sentence of 120 months:

The presentence report calculates a criminal history category of five

and a total offense level of 30 from a base offense level of 24 (U.S.S.G. § 2K2.1(a)(2) two prior felony convictions for crimes of violence), a two-level enhancement (§ 2K2.1(b)(1)(B) involving between 8 to 24 firearms), a one-level enhancement (§ 2K2.1(b)(4) stolen weapon), a four-level enhancement (§ 2K2.1(b)(6) using or possessing any firearm or ammunition in connection with another felony offense), and a three-level reduction (§ 3E1.1(a) acceptance of responsibility). The sentencing table yields a sentencing range of 151 to 188 months, but the advisory guideline sentencing range is 120 months or the statutory maximum. U.S.S.G. § 5G1.1(a).

(Dk. 36, pp. 1-2). The court adopted the presentence report without change and sentenced the defendant to the advisory guideline range of 120 months. (Dks. 38, p.2; 39, pp. 1-2).

Section 3582(c)(2) permits district courts to reduce a prisoner's sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The Commission's policy statement provides that a sentence reduction is not authorized under § 3582(c)(2) when the "amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Though Amendment 782 is listed in subsection (d), it does not have the effect of lowering Mr. Lester's applicable guideline range.

Amendment 782 reduces by two levels the base offense levels of crimes involving many of the controlled substances listed in the drug quantity table of U.S.S.G. § 2D1.1(c). *See* U.S.S.G. app. C, Amend. 782. Amendment 782 does not affect any of the applicable sentencing guidelines used in calculating Mr. Lester's advisory guideline sentencing range. The court's mention of drug quantities in its prior order were part of its findings

leading to the conclusion that the ammunition and firearms were found in close proximity to drugs and drug trafficking paraphernalia. These findings did not involve or implicate the drug quantity table of U.S.S.G. § 2D1.1(c). Thus, this court is without jurisdiction to reach the merits of Mr. Lester's other sentencing contentions, because "§ 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission . . . . Because the aspects of his sentence that [Mr. Lester] seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them." *Dillon v. United States*, 560 U.S. 817, 831 (2010) (citation omitted).

IT IS THEREFORE ORDERED that the defendant Lester's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dk. 68) is denied.

Dated this 9th day of December, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge