IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                               No. 09-40074-01-SAC

CARL L. LESTER,

        Defendant.

MEMORANDUM AND ORDER

The defendant Carl Lester has filed a motion to proceed in forma pauperis ("ifp") with his appeal and for appointment of counsel. (Dk. 73). For Mr. Lester to proceed ifp on appeal, he "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991); *see* 28 U.S.C. § 1915(a)(3)("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. United States*, 369 U.S. 438, 444-47 (1962).

Mr. Lester's filing satisfies the requirements of 28 U.S.C. § 1915(a)(1) and (2) insofar as showing that he lacks the financial ability to pay the required filing fee. The affidavit, however, fails to "state the nature of the . . . appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The defendant timely filed his notice of appeal to

challenge the district court's order of December 9, 2015, that denied his request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Dk. 70). Mr. Lester's § 3582(c)(2) motion did not establish the sentencing court's authority to reduce his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines as he was arguing. This is because his sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2). This court noted:

> Amendment 782 does not affect any of the applicable sentencing guidelines used in calculating Mr. Lester's advisory guideline sentencing range. The court's mention of drug quantities in its prior order were part of its findings leading to the conclusion that the ammunition and firearms were found in close proximity to drugs and drug trafficking paraphernalia. These findings did not involve or implicate the drug quantity table of U.S.S.G. § 2D1.1(c). Thus, this court is without jurisdiction to reach the merits of Mr. Lester's other sentencing contentions, because "§ 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission . . . . Because the aspects of his sentence that [Mr. Lester] seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them." *Dillon v. United States*, 560 U.S. 817, 831 (2010) (citation omitted).

(Dk. 69, pp. 2-3). Mr. Lester's notice of appeal fails to state a nonfrivolous argument on the law and facts that challenges this ruling. Instead, he makes new arguments of sentencing error and calls for the court to exercise "inherent jurisdiction" to correct "egregious error." (Dk. 70, pp. 1-2). In short, the defendant fails to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."

*Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). The court hereby certifies that this appeal is not taken in good faith and denies Mr. Lester's motion for leave to proceed in forma pauperis and for appointment of counsel. *See United States v. Olden*, 296 Fed.Appx. 671, 674 (10th Cir.2008) (rejecting a defendant's claim that he had a constitutional right to assistance of counsel in pursuing a § 3582 motion).

IT IS THEREFORE ORDERED that the defendant Lester's motion to proceed ifp with his appeal and for appointment of counsel (Dk. 73) is denied.

Dated this 20th day of January, 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge